Law Offices of
**CUNLIFFE & COOK**
Suite 200
210 Archbishop F.C. Flores Street
Hagåtña, GU 96910
Telephone: (671) 472-1824
Telefax: (671) 472-2422

Attorneys for Plaintiff MEL DEBRUM



F I L E D
DISTRICT COURT OF GUAM
FEB 11 2003
MARY L. M. MORAN
CLERK OF COURT

## IN THE DISTRICT COURT OF GUAM

| | | |
|---|---|---|
| MEL DEBRUM, | ) | ADMIRALTY CIVIL NO. 03-00004 |
| Plaintiff, | ) | |
| vs. | ) | **SEAMAN'S COMPLAINT FOR PERSONAL INJURIES - JONES ACT NEGLIGENCE, UNSEAWORTHINESS AND MAINTENANCE AND CURE** |
| M&F FISHING CO., INC., a corporation, *in personam*, and M/V KOORALE, her engines, tackle, apparel, furniture, and appurtenances, *in rem*, | ) | **DEMAND FOR JURY TRIAL** |
| Defendants. | ) | |

### I.

### GENERAL ALLEGATIONS

1. Jurisdiction is based on the Jones Act, 46 U.S.C. §688, and the Admiralty and Maritime Jurisdiction of this Court under 28 U.S.C. §1331 and 28 U.S.C. §1333. This action is brought under Rules B and C of the Supplemental Rules for Certain Admiralty and Maritime Claims.

2. Plaintiff MEL DEBRUM was at all times herein mentioned a seaman and entitled under the provisions of 28 U.S.C. §1916 to bring this Complaint without prepayment of cost or posting of bond.

3. Plaintiff is a citizen of the Marshal Islands and a resident of San Diego, California.

ORIGINAL

4. Plaintiff is informed and believes that at all relevant times, *in personam* Defendant M&F Fishing Co., Inc. ("M&F"), held itself out to be a corporation authorized to do business within the State of California and is incorporated in the State of Nevada. On information and belief, *in personam* Defendant M&F maintains its principal place of business in San Diego, California.

5. Plaintiff is informed and believes that no officers or employees of M&F are now within this district and that M&F does not maintain an office within this district, but that there are now or will be during the pendency of this action certain goods, chattels, credits and effects belonging to or claimed by M&F within this district, including the M/V KOORALE, a tuna fishing vessel registered under the flag of the United States, and, as alleged further herein, named as the *in rem* Defendant in this action. Plaintiff, by and through his counsel, has conducted an investigation and based upon that investigation have concluded that M&F is a foreign corporation which cannot be found within the District of Guam for the purposes of Rule B as set forth more fully in the Declaration of Jeffrey Cook filed herewith.

6. At all times herein mentioned, Defendant M/V KOORALE was a United States flag tuna fishing vessel afloat upon navigable waters on the high seas of the Pacific Ocean. M/V KOORALE is a steel-hulled tuna seiner of 1,072 gross tons. Its hailing port is Long Beach, California, and it is documented with the United States Coast Guard. Its Official Number is 545564. Plaintiff is informed and believes that M/V KOORALE will or may be within this district during the pendency of this action.

7. At all times herein mentioned, Defendant M/V KOORALE was owned, operated, managed, maintained, controlled, chartered and navigated by Defendant M&F.

8. On or about August 10, 2000, Plaintiff was employed by M&F and was working aboard Defendant M/V KOORALE as a commercial fisherman at the specific request and for the benefit of Defendants M/V KOORALE and M&F.

9. On or about August 10, 2000 upon the high seas, Plaintiff was performing his regular duties as an Assistant Skiffman when he was struck by the M/V KOORALE's net skiff. Plaintiff was severely and grievously injured through no fault of his own but as a legal result of the negligence of M&F and the unseaworthiness of Defendant M/V KOORALE.

## II.

### FIRST CLAIM FOR RELIEF

### (Jones Act Negligence - Against M&F Only)

10. Plaintiff refers to and by that reference incorporates as though fully set forth herein each and every allegation contained in Paragraphs 1 through 9, above.

11. At all times mentioned above, Plaintiff was an employee of Defendant M&F and was working as a Jones Act seaman assigned to the M/V KOORALE.

12. At all relevant times, Defendant was negligent in a number of ways, including, but not limited to, the following:

    (a) Failing to provide Plaintiff with a safe place in which to work;

    (b) Failing to exercise ordinary care under the circumstances to have the vessel's training, equipment and work methods in such a condition that Plaintiff would be able to perform his duties with reasonable safety;

(c) Failing to have proper safety and medical equipment on board the vessel;

(d) Failing to abide by safety laws, regulations, statutes and customs and practice necessary for safety at sea.

13. As a proximate result of the aforesaid negligent acts and omissions, among others, Defendant breached the duty of care it owed to Plaintiff.

14. As a legal result of Defendant's negligence, Plaintiff sustained serious and grievous physical and emotional injuries.

15. As a further legal result of the negligence of Defendant M&F, Plaintiff has sustained and will continue to sustain damages, including and without limitation, general damages, special damages, medical expenses, life care expenses, emotional distress and pain and suffering, all of which will be established at trial according to proof.

16. As a further legal result of Defendant M&F's negligence, Plaintiff lost and will continue to lose wages, earnings, income, and earning capacity, which will be established at trial according to proof.

### III.

### SECOND CLAIM FOR RELIEF

#### (Unseaworthiness - Against All Defendants)

17. Plaintiff refers to and by that reference incorporates as though fully set forth herein each and every allegation contained in paragraphs 1 through 16, above.

18. At all times herein relevant, Plaintiff was acting in the service of Defendant M/V KOORALE and was performing duties of the type traditionally performed by a seaman.

19. At the time and place alleged herein, by the provisions of the General Maritime Law of the United States, Defendants and its agents, employees and servants warranted to Plaintiff that the vessel, its decks, gear, equipment, appurtenances, tools, crewmembers and work methods were seaworthy and in compliance with applicable laws, statutes and regulations enacted for the safety of the crew.

20. Defendants breached this warranty in that the vessel, its decks, gear, equipment, appurtenances, tools, crewmembers and work methods were neither seaworthy nor in compliance with applicable laws, statutes and regulations enacted for the safety of the crew.

21. As a legal result of these alleged breaches, Plaintiff has sustained and will continue to sustain damages, including and without limitation, general damages, special damages, medical expenses, emotional distress and pain and suffering, all of which will be established at trial according to proof.

## IV.

### THIRD CLAIM FOR RELIEF

#### (Maintenance and Cure - Against All Defendants)

22. Plaintiff refers to and by that reference incorporates as though fully set forth herein each and every allegation contained in paragraphs 1 through 21, above.

4. That Plaintiff be awarded prejudgment interest on the amounts awarded;

5. That Plaintiff be awarded costs of suit;

6. That Plaintiff be awarded attorney's fees on his Third Cause of Action; and

7. That Plaintiff be awarded such other and further relief as this Honorable Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury in this action.

CUNLIFFE & COOK
A Professional Corporation
Attorneys for Plaintiff MEL DEBRUM

Dated: February 6, 2003.      By _____
                                  JEFFREY A. COOK, ESQ.

JAC:cgb
Civil-Temp / Banning B0163 1 Koorale Complaint

## VERIFICATION

I, the undersigned, say:

I have had read and translated to me the foregoing document and know the contents thereof; the same is true of my own knowledge, except as to the matters which are stated therein upon information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury under the laws of the United States of America and the Territory of Guam that the foregoing is true and correct. Executed on February 6, 2003, at San Diego, California.

_____
Mel DeBrum

## INTERPRETER'S CERTIFICATION

I, Carrie Alik, a Marshallese interpreter, certify that I truthfully translated the above document entitled "Seaman's Complaint for Personal Injuries -- Jones Act Negligence, Unseaworthiness and Maintenance and Cure" from English to Marshallese and Marshallese to English.

I declare under penalty of perjury under the laws of the United States and the Territory of Guam that the foregoing is true and correct this 6th day of February, 2003, at San Diego, California.

_____
Carrie Alik

# United States District Court

——————— DISTRICT OF ———————

MEL DEBRUM,

**SUMMONS IN A CIVIL CASE**

V.

CASE NUMBER: 0~-00004

M&F FISHING CO., INC., a corporation
personam, and M/V KOORALE, her engines,
tackle, apparel, furniture, and appur-
tenances, in rem,

TO: (Name and address of defendant) M&F FISHING CO., INC.
c/o CASAMAR GUAM INC PIER
178 Industrial Ave.
Piti, Guam 96925

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Jeffrey A. Cook, Esq.
LAW OFFICES OF CUNLIFFE & COOK, P.C.
Suite 200, 210 Archbishop F.C. Flores St.
Hagatna, Guam 96910

*Cunliffe & Cook*
ACKNOWLEDGED RECEIPT
By: _____
Date: 2/12/02

an answer to the complaint which is herewith served upon you, within ___Twenty (20)___ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

FEB 1 1 2003

**Mary L. M. Moran**
CLERK

DATE

/s/ Renee M. Martinez

(BY) DEPUTY CLERK

# United States District Court

_____ DISTRICT OF _____

MEL DEBRUM,

**SUMMONS IN A CIVIL CASE**

V.

CASE NUMBER: 03-00004

M&F FISHING CO., INC., a corporation, in personam, and M/V KOORALE, her engines, tackle, apparel, furniture and appurtenances, in rem,

TO: (Name and address of defendant) M/V KOORALE, her engines, tackle, apparel, furniture and appurtenances, in rem
c/o CASAMAR GUAM INC PIER
178 Industrial Ave.
Piti, Guam 96925

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Jeffrey A. Cook, Esq.
LAW OFFICES OF CUNLIFFE & COOK, P.C.
Suite 200, 210 Archbishop F.C. Flores St.
Hagatna, Guam 96910

ACKNOWLEDGED RECEIPT
By: _____
Date: 2/12/02

an answer to the complaint which is herewith served upon you, within ___Twenty (20)___ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Mary L. M. Moran

CLERK

FEB 11 2003

DATE

/s/ Renee M. Martinez

(BY) DEPUTY CLERK