Law Offices of
**CUNLIFFE & COOK**
Suite 200
210 Archbishop F.C. Flores Street
Hagåtña, Guam 96910
Telephone: (671) 472-1824
Facsimile: (671) 472-2422

Attorneys for Plaintiff MEL DEBRUM

FILED
DISTRICT COURT OF GUAM
FEB 1 1 2003
MARY L. M. MORAN
CLERK OF COURT

## IN THE DISTRICT COURT OF GUAM

03-00004

| | |
|---|---|
| MEL DEBRUM, | ADMIRALTY CIVIL NO. |
| Plaintiff, | |
| vs. | **ORDER FOR APPOINTMENT OF SUBSTITUTE CUSTODIAN FOR *IN REM* DEFENDANT VESSEL** |
| M&F FISHING CO., INC., a corporation, *in personam*, and M/V KOORALE, her engines, tackle, apparel, furniture, and appurtenances, *in rem*, | |
| Defendants. | |

Upon the application of Plaintiff, MEL DEBRUM, for an order appointing Allied Mariner Surveyors as substitute custodian in lieu of the United States Marshal in this case, and good cause appearing therefor, it is

**ORDERED** that upon the transfer of said defendant Vessel to Allied Marine Surveyors (hereafter the "substitute custodian") by the Marshal, the aforesaid substitute custodian is hereby appointed to act as substitute custodian of the defendant vessel during *custodia legis* on behalf of this Court, at the rate of $325.00 per day management fee, $700.00 per day watchkeeping plus expenses and costs, in place and instead of the United States Marshal, until further order of this Court; and it is further

**ORDERED** that upon transfer of custody of the defendant vessel to the substitute custodian by the United States Marshal, the Marshal shall not be liable for any loss occurring while said vessel remains in the custody of the substitute custodian; and it is further

**ORDERED** that all reasonable expenditures of the United States Marshal shall be administrative expenses in this action and a first charge on the vessel herein, to be paid to the United States Marshal prior to the release of the defendant vessel or distribution of the proceeds of its sale; and it is further

**ORDERED** that the per day rate and all reasonable expenditures which may be incurred by the substitute custodian, or by any party advancing funds to the substitute custodian, in safekeeping and maintaining the vessel while it is in *custodia legis*, and costs of maintaining adequate insurance on the vessel while the vessel is in *custodia legis*, shall be administrative expenses in this action and a first charge on the defendant vessel herein, to be paid prior to the release of the vessel or the distribution of proceeds of its sale, said expenses of the substitute custodian being set forth in the Declaration of the proposed substitute custodian, said Declaration having been filed herein on behalf of the substitute custodian; and it is further

**ORDERED** that during *custodia legis* all necessary insurance policies will be maintained by the substitute custodian, or, if applicable, by the Plaintiff as advances to, and on behalf of the substitute custodian, in order to provide coverage for the protection of the vessel, the Plaintiff, and the substitute custodian, as may be

applicable, which expenses for insurance shall constitute administrative expenses herein; and it is further

**ORDERED** that during *custodia legis* the substitute custodian shall not permit repairs or changes to be made to the vessel, except for routine maintenance required for the vessel's safe keeping, or in emergency situations, without an order of this Court. The substitute custodian may permit the engineer of the vessel to remain on board but he is prohibited from any acts that would interfere with the custodian's duties as ordered herein.

**IT IS SO ORDERED** this 11th day of February 2003, Guam.

_____
UNITED STATES DISTRICT JUDGE

Civil-Temp / Banning B0163 1 Koorale Order for Appt

**RECEIVED**
FEB 11 2003
DISTRICT COURT OF GUAM
HAGATNA, GUAM