Law Offices of
**CUNLIFFE & COOK**
Suite 200
210 Archbishop F.C. Flores Street
Hagåtña, GU 96910
Telephone: (671) 472-1824
Telefax: (671) 472-2422



Attorneys for Plaintiff MEL DEBRUM

## IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| MEL DEBRUM, ) | ADMIRALTY CIVIL NO. 03-00004 |
| Plaintiff, ) | |
| vs. ) | **SEAMAN'S FIRST AMENDED COMPLAINT FOR PERSONAL INJURIES - JONES ACT NEGLIGENCE, UNSEAWORTHINESS AND MAINTENANCE AND CURE** |
| M&F FISHING CO., INC., a corporation, *in personam*, and M/V KOORALE, her engines, tackle, apparel, furniture, and appurtenances, *in rem*, ) | |
| Defendants. ) | **DEMAND FOR JURY TRIAL** |

### I.

### GENERAL ALLEGATIONS

1. Jurisdiction is based on the Jones Act, 46 U.S.C. §688, and the Admiralty and Maritime Jurisdiction of this Court under 28 U.S.C. §1331 and 28 U.S.C. §1333. This action is brought under Rules B and C of the Supplemental Rules for Certain Admiralty and Maritime Claims.

2. Plaintiff MEL DEBRUM was at all times herein mentioned a seaman and entitled under the provisions of 28 U.S.C. §1916 to bring this Complaint without prepayment of cost or posting of bond.

3. Plaintiff is a citizen of the Marshal Islands and a resident of San Diego, California.

4. Plaintiff is informed and believes that all relevant times, *in personam* Defendant M&F Fishing Co., Inc. ("M&F"), held itself out to be a corporation authorized to do business within the State of California and is incorporated in the State of Nevada. On information and belief, *in personam* Defendant M&F maintains its principal place of business in San Diego, California.

5. Plaintiff is informed and believes that no officers or employees of M&F are now within this district and that M&F does not maintain an office within this district, but that there are now or will be during the pendency of this action certain goods, chattels, credits and effects belonging to or claimed by M&F within this district, including the M/V KOORALE, a tuna fishing vessel registered under the flag of the United States, and, as alleged further herein, named as the *in rem* Defendant in this action. Plaintiff, by and through his counsel, has conducted an investigation and based upon that investigation have concluded that M&F is a foreign corporation which cannot be found within the District of Guam for the purposes of Rule B as set forth more fully in the Declaration of Jeffrey Cook filed herewith.

6. At all times herein mentioned, Defendant M/V KOORALE was a United States flag tuna fishing vessel afloat upon navigable waters on the high seas of the Pacific Ocean. M/V KOORALE is a steel-hulled tuna seiner of 1,072 gross tons. Its hailing port is Long Beach, California, and it is documented with the United States Coast

Guard. Its Official Number is 545564. Plaintiff is informed and believes that M/V KOORALE will or may be within this district during the pendency of this action.

7. At all times herein mentioned, Defendant M/V KOORALE was owned, operated, managed, maintained, controlled, chartered and navigated by Defendant M&F.

8. On or about August 10, 2000, Plaintiff was employed by M&F and was working aboard Defendant F/V KOORALE as a commercial fisherman at the specific request and for the benefit of Defendants KOORALE and M&F.

9. On or about August 10, 2000 upon the high seas, Plaintiff was performing his regular duties as a seaman, including without limitation, working as an assistant skiff man, when he was struck by the KOORALE's net skiff crushing and severing his right leg below the knee. Plaintiff was severely and grievously injured through no fault of his own but as a legal result of the negligence of M&F and the unseaworthiness of Defendant KOORALE.

## II.

### FIRST CLAIM FOR RELIEF

### (Jones Act Negligence - Against M&F Only)

10. Plaintiff refers to and by that reference incorporates as though fully set forth herein each and every allegation contained in Paragraphs 1 through 9, above.

11. At all times mentioned above, Plaintiff was an employee of Defendant M&F and was working as a Jones Act seaman assigned to the M/V KOORALE.

12. At all relevant times, Defendant was negligent in a number of ways, including, but not limited to, the following:

    (a) Failing to provide Plaintiff with a safe place in which to work;

    (b) Failing to exercise ordinary care under the circumstances to have the vessel's training, equipment and work methods in such a condition that Plaintiff would be able to perform his duties with reasonable safety;

    (c) Failing to have proper safety and medical equipment on board the vessel;

    (d) Failing to abide by safety laws, regulations, statutes and customs and practice necessary for safety at sea.

13. As a proximate result of the aforesaid negligent acts and omissions, among others, Defendant breached the duty of care it owed to Plaintiff.

14. As a legal result of Defendant's negligence, Plaintiff sustained serious and grievous physical and emotional injuries.

15. As a further legal result of the negligence of Defendant M&F, Plaintiff has sustained and will continue to sustain damages, including and without limitation, general damages, special damages, medical expenses, life care expenses, emotional distress and pain and suffering, all of which will be established at trial according to proof.

16. As a further legal result of Defendant M&F's negligence, Plaintiff lost and will continue to lose wages, earnings, income, and earning capacity, which will be established at trial according to proof.

## III.

## SECOND CLAIM FOR RELIEF

### (Unseaworthiness - Against All Defendants)

17. Plaintiff refers to and by that reference incorporates as though fully set forth herein each and every allegation contained in paragraphs 1 through 16, above.

18. At all times herein relevant, Plaintiff was acting in the service of Defendant M/V KOORALE and was performing duties of the type traditionally performed by a seaman.

19. At the time and place alleged herein, by the provisions of the General Maritime Law of the United States, Defendants and its agents, employees and servants warranted to Plaintiff that the vessel, its decks, gear, equipment, appurtenances, tools, crewmembers and work methods were seaworthy and in compliance with applicable laws, statutes and regulations enacted for the safety of the crew.

20. Defendants breached this warranty in that the vessel, its decks, gear, equipment, appurtenances, tools, crewmembers and work methods were neither seaworthy nor in compliance with applicable laws, statutes and regulations enacted for the safety of the crew.

21. As a legal result of these alleged breaches, Plaintiff has sustained and will continue to sustain damages, including and without limitation, general damages, special damages, medical expenses, emotional distress and pain and suffering, all of which will be established at trial according to proof.

### IV.

### THIRD CLAIM FOR RELIEF

### (Maintenance and Cure - Against All Defendants)

22. Plaintiff refers to and by that reference incorporates as /though fully set forth herein each and every allegation contained in paragraphs 1 through 21, above.

23. By reason of the action set forth in the allegations above, Plaintiff was disabled and is disabled from resuming any related employment. Through the date of the filing of this Complaint, Defendants have provided cure for Plaintiff. However, Plaintiff is entitled to future cure until he has reached a state where there can be no possible improvement in his physical condition through additional curative treatments.

24. Because of the serious and grievous injuries suffered by Plaintiff, he has been under medical care since his accident. If and when Plaintiff has reached maximum medical cure, then Defendants will owe maintenance to Plaintiff in an amount required under the law.

WHEREFORE, Plaintiff prays judgment against Defendants as follows:

1. That process and due form of law, according to the practices of this Honorable Court in causes of admiralty and maritime jurisprudence may issue against

M/V KOORALE, her engines, tackle, apparel, etc., and that all persons having or claiming any interest therein be cited to appear and answer, under oath, all and singular the matters; that Plaintiff have a judgment for his damages aforesaid, with interest and costs; and that M/V KOORALE be condemned and sold to satisfy Plaintiff's judgment;

2. That process and due form of law according to the practice of this Honorable Court issue against Defendants, citing them to appear and answer all and singular the matters aforesaid;

3. That Plaintiff may have judgment for his general damages including without limitation, mental, emotional and physical pain, suffering and disfigurement, in the amount of at least five million United States dollars (USD$5,000,000);

4. That Plaintiff may have judgment for his special damages, includng loss of earnings, loss of earnings capacity, loss of employment opportunities, loss of found, loss of health benefits, future medical care costs, loss of maintenance and cure and other economic damages in the amount of one million three hundred and fifty thousand nine hundred and sixty United States dollars (USD$1,350,960);

5. That Plaintiff be awarded prejudgment interest on the amounts awarded;

6. That Plaintiff be awarded costs of suit;

7. That Plaintiff be awarded attorney's fees on his Third Cause of Action; and,

8. That Plaintiff be awarded such other and further relief as this Honorable Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury in this action.

DATED: February 18, 2003.

**CUNLIFFE & COOK**
A Professional Corporation

By: _____
JEFFREY A. COOK, ESQ.
Attorneys for Plaintiff, MEL DEBRUM

## **VERIFICATION BY ATTORNEY OF RECORD**

I, **Jeffrey A. Cook**, Esq., declare:

I am an attorney at law licensed to practice in Guam and admitted to practice before the United States District Court of Guam. I am a shareholder in the law firm of Cunliffe & Cook, A Professional Corporation, located at Suite 210 Archbishop F.C. Flores Street, Hagatna, Guam. My firm and I represent plaintiff Mel DeBrum in the above entitled action. Mr. DeBrum is currently living in San Diego, California and is not present within the district. Attached hereto as Exhibit A and B, respectively, are facsimile copies of Mr. DeBrum's verification of **SEAMAN'S FIRST AMENDED COMPLAINT FOR PERSONAL INJURIES - JONES ACT NEGLIGENCE, UNSEAWORTHINESS AND MAINTENANCE AND CURE** herein ("First Amended Complaint") and the verification of translation. I am able to verify the matters alleged in the First Amended Complaint based upon the client's verification of the original complaint filed in this action, the facsimile verification of the of the First Amended Complaint, conversations with the client and California counsel as well as review of relevant expert reports and personal knowledge of *F/V KOORALE*, now under arrest in Guam. Based thereon, I declare that the First Amended Complaint is true to the best of my knowledge except as to those matters alleged upon information and belief, and to those matters I believe them to be true. I am authorized by Mel DeBrum to sign this verification on his behalf and will file his original verification with verification of translation as soon a possible after it is received in Guam.

I declare under penalty of perjury under the laws of the United States of America and Guam that the foregoing is true and correct and that this Verification By Attorney Of Record was executed on February 18, 2003, at Hagåtña, Guam.

_____
JEFFREY A. COOK

JAC:cgb
Civil-TEMP/Banning-B-0163.1/Amended Complaint

## VERIFICATION

I, Mel DeBrum, declare:

I have read with the assistance of an interpreter/translator the foregoing **SEAMAN'S FIRST AMENDED COMPLAINT FOR PERSONAL INJURIES - JONES ACT NEGLIGENCE, UNSEAWORTHINESS AND MAINTENANCE AND CURE; DEMAND FOR JURY TRIAL** and know the contents thereof; the same is true of my own knowledge, except as to the matters which are stated therein upon information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury under the laws of the United States of America and the Territory of Guam that the foregoing is true and correct and that this Verification was executed on February 17, 2003, at San Diego, California.

_____
Mel DeBrum

## VERIFICATION OF TRANSLATION

I, Carrie Alik, declare:

I am a translator and interpreter fluent in Marshallese and English. I reside at 3102 Gregory Street, San Diego, California 92104. I have accurately and truthfully translated and interpreted the foregoing **SEAMAN'S FIRST AMENDED COMPLAINT FOR PERSONAL INJURIES - JONES ACT NEGLIGENCE, UNSEAWORTHINESS AND MAINTENANCE AND CURE; DEMAND FOR JURY TRIAL** to Mel DeBrum from English to Marshallese.

I declare under penalty of perjury under the laws of the United States of America and the Territory of Guam that the foregoing is true and correct and that this Verification of Translation was executed on February 17, 2003, at San Diego, California.

_____
Carrie Alik