ORIGINAL

CARLSMITH BALL LLP

DAVID LEDGER
ELYZE McDONALD
134 West Soledad Avenue
Bank of Hawaii Bldg. Suite 401
Hagåtña, Guam 96910
Tel. No. (671) 472-6813

Attorneys for Defendants
M&F Fishing Co., Inc. & M/V KOORALE

FILED
DISTRICT COURT OF GUAM
FEB 21 2003
MARY L. M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| MEL DEBRUM,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>M&F FISHING CO., INC., a corporation, in personam, and M/V KOORALE, her engines, appurtenances, in rem,<br><br>　　　　　Defendants. | CIVIL CASE NO. CIV03-00004<br><br>**SUPPLEMENTAL BRIEF IN SUPPORT OF QUASHING OR VACATING RULE C ARREST OF DEFENDANT M/V KOORALE**<br>**DECLARATION OF SERVICE** |

## SUPPLEMENTAL MEMORANDUM IN SUPPORT OF QUASHING RULE C ARREST

Defendants M&F FISHING, INC., and M/V KOORALE and file this Supplemental Brief in Support of Quashing or Vacating the arrest of the M/V Koorale under Supplemental Rule C.

3150163-1.000DPL-00001

I. Background

Plaintiff obtained a warrant of arrest based on Supp. Admiralty Rules B *and* C. The hearing to vacate the arrest is currently set for February 25, 2003 at 10:30 a.m.

On February 19, 2003 Defendants filed their motion to quash the Rule *B* arrest of the vessel or, alternatively, to determine the amount of substitute security required to obtain the vessel's release. However, on February 19th, Defendants' attorney did not have sufficient facts to oppose the Rule *C* arrest and, therefore, respectfully files this supplemental memorandum in support of quashing the Rule C arrest as well.

II. The exigent circumstances plead by the Plaintiff's Attorney to obtain the Rule C arrest did not in fact exist because they were falsely created.

Local Admiralty Rule (LAR) E(3)(b) allows for the issuance of a warrant of arrest when exigent circumstances exist and timely review by the Court is not possible. Circumstances supporting an order of arrest on exigent circumstance are asserted in an affidavit or declaration.

Here, though the arrest papers were filed three (3) days before the vessel was even scheduled to arrive at Guam, exigent circumstances were nonetheless plead. Paragraph 5 of Plaintiff's Declaration in Support of Application for Issuance of Order for Arrest and attachment of Vessel Based on Exigent Circumstances contains Plaintiff's false claim of exigent circumstances. Plaintiff improperly based the so-called "exigent circumstances" not on any circumstances attributable to the defendant vessel, such as a rapid departure from the District of Guam, but rather on whether or not the Court "had time" to review the pleadings prior to close of business on February 13, 2003, the day before the presumed arrival time of the vessel on Guam

on February 14th.

As early as Tuesday, February 11, 2003, Plaintiff knew and asserted in the arrest papers that the vessel would arrive Guam on Friday, February 14, 2003. Plaintiff then attempted to create exigent circumstance by asserting that if the Court was not available to review the arrest papers by close of business on Thursday, February 13, 2003, exigent circumstances would then "arise." Plaintiff failed to assert or set forth any reason why it would be impracticable for the Court to review the documents supporting arrest on February 12th, 13th or on Friday, February 14, 2003, the arrival date. Plaintiff knew the vessel was in Guam to pick up its fishing net at Casamar Guam. Rather then falsely plead exigent circumstances, it was Plaintiff's burden to be both fair and diligent in obtaining the arrest warrant.

Furthermore, Plaintiff's attorney failed to be candid with the Court by not disclosing all it knew about the vessel's sailing schedule and, more importantly, plaintiff's more than ample opportunity to arrest the vessel before it departed American Samoa for Guam. Plaintiff's attorney did not disclose to the Court that Plaintiff's attorneys in Samoa, Banning, Micklow, Bull, & Lopez, had the M/V Koorale under arrest <u>for 130 days</u> in American Samoa for another case, and yet did not assert any of this Plaintiff's claims against the vessel at that time in accordance with notice to claimants published in conjunction with the other case and arrest. Additionally, once released from arrest in that other case, the M/V Koorale was available to Plaintiff's attorneys to arrest in Samoa in conjunction with <u>this</u> case for <u>an additional 12 days</u> 1. Consequently, exigent circumstances for the instant Rule C arrest were falsely plead to this Court

---

1 The M/V Koorale was released from arrest by the High Court of American Samoa on January 21, 2003, and thereafter sailed from American Samoa on February 2, 2003.

3150163-1.000DPL-00001

3

and, accordingly, the Rule C arrest should be quashed or vacated.

   III.   Conclusion

The exigent circumstances required by LAR E(3)(b) never existed. Instead, Plaintiff created them for his own ends while subverting defendant's legal rights. Accordingly, this Court's Rule C arrest warrant was obtained on false grounds. In the circumstances, Defendants respectfully request the Court to quash the Rule C arrest of the M/V Koorale, order the immediate release of the M/V Koorale, and award Defendants reasonable attorney's fees and costs.

   Dated this 21st day of February 2003.

CARLSMITH BALL LLP

_____
DAVID LEDGER
Attorneys for Defendants
M&F Fishing Co., Inc. & M/V KOORALE

## DECLARATION OF SERVICE

I, David Ledger, hereby declare, under the penalty of perjury of the laws of the United States, that on the 21st day of February 2003, I will cause to be served via hand delivery a true and correct copy of **SUPPLEMENTAL BRIEF IN SUPPORT OF QUASHING OR VACATING RULE C ARREST OF DEFENDANT IN REM; DECLARATION OF SERVICE; DECLARATION OF SERVICE** upon Plaintiff's Counsel of record as follows:

>Jeffrey A. Cook, Esq.
>Law Offices of Cunliffe & Cook, P.C.
>Suite 200
>210 Archbishop F.C. Flores Street
>Hagåtña, Guam 96910

Dated this 21st day of February 2003.

_____
DAVID LEDGER